

**FILED & ENTERED**

JUL 28 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST    DEPUTY CLERK

# NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 9:14-bk-12827-PC |
| CYNTHIA CYNKO ZIPSER, | ) ) ) | Chapter 13 |
| | ) | **MEMORANDUM DECISION** |
| | ) ) ) ) ) ) ) ) | Date: July 23, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom # 201<br>1415 State Street<br>Santa Barbara, CA 93101 |
| Debtor. | | |

This matter comes before the court on an objection by Cynthia Cynko Zipser ("Debtor") to Claim # 3 filed by Ocwen Loan Servicing, LLC, as servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 ("Ocwen"). Debtor seeks disallowance of Ocwen's Claim # 3 in its entirety. Ocwen opposes Debtor's objection. The court, having considered the pleadings, evidentiary record,[1] and arguments of counsel, will overrule Debtor's objection to Ocwen's Claim # 3 pursuant to the

---

[1] Evidentiary Objections of Secured Creditor to Direct Testimony of Cynthia Zipser and Daniel Zipser are sustained.

following findings of fact and conclusions of law made under F.R.Civ.P. 52(a)(1),[2] as incorporated into FRBP 7052 and applied to contested matters in bankruptcy cases.

## I. STATEMENT OF FACTS

On November 15, 2010, Daniel Zipser and Cynthia C. Zipser (collectively, the "Zipsers") filed a voluntary petition under chapter 7 in Case No. 1:10-bk-24388-MT, styled <u>Daniel Zipser and Cynthia C. Zipser, Debtors</u>, in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division. In Schedule A, the Zipsers disclosed that they owned a single family residence at 87 Shady Grove Lane, Thousand Oaks, California (the "Property"), valued at $636,500 encumbered by the following liens: (1) a first lien held by Bank of America securing note with a balance of approximately $639,920; and (2) a second lien held by Bank of America securing a note with a balance of approximately $116,911. The Zipsers received a discharge in the case on December 21, 2011. On November 18, 2013, the chapter 7 trustee filed a final account and the case was closed.

On December 30, 2014, Debtor filed her voluntary petition under chapter 13 of the Code in the above referenced case. In the petition, Debtor disclosed her address as 200 Oak Leaf Drive, # 207, Thousand Oaks, CA. Debtor disclosed in Schedule A that she owned a community interest in the Property valued at "$0.00." Debtor further disclosed in Schedule A that the "Amount of Secured Claim" encumbering the Property was "$0.00." No creditors holding a lien against the Property were listed by the Debtor in Schedule D. In Schedule F, Debtor listed Countrywide Financial as the holder of an unsecured nonpriority claim in the amount of "0.00" with a notation identifying the Property and stating "Discharged -- $639,920.00." Ocwen was also listed as a creditor in Schedule F with the notation "Notice Only." In response to Question 15 of the Statement of Financial Affairs, Debtor disclosed the Property as a prior address of the Debtor from 2004 to 2010.

---

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330. "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

On December 30, 2014, the court set a claims deadline of May 12, 2015. Debtor's chapter 13 plan, which did not provide for the payment of any secured claims other than a claim held by JP Morgan Chase, was confirmed by consent at a hearing on March 19, 2015. An order confirming the plan was entered on April 9, 2015.

On May 11, 2015, Ocwen filed Claim # 3 in the amount of $829,418.23 secured by a deed of trust lien on the Property. On June 17, 2015, Debtor filed an objection to Ocwen's Claim # 3. Ocwen filed written opposition to Debtor's objection on July 9, 2015, to which Debtor replied on July 16, 2015. After a hearing on July 23, 2015, the court took the matter under submission.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Debtor's objection to Ocwen's Claim # 3 is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Debtor asserts that Ocwen's Claim # 3 must be disallowed in its entirety for one or more of the following reasons:

    a. CW informed the debtor and DZ that the loan was discharged.

    b. CW reported the loan fully paid to the credit bureaus.

    c. CW failed to properly respond to requests for accounting information under the Real Estate Settlement Procedures Act ("RESPA").

    d. CW did not physically deliver the Note to Claimant (nor its predecessors).

    e. The Note was not properly endorsed.

    f. Claimant does not assert clearly where its <u>secured</u> rights emanate from.

    g. Claimant has not shown compliance with the terms contained in the Original Pooling and Servicing Agreement (PSA) when the original lender sold the Note to a Remic.

    h. Claimant is not a holder of the Note entitled to foreclose under the Uniform Commercial Code (UCC).

    i. CW/BOA did not have right to foreclose an unsecured note, so neither does claimant.

    j. Claimant's proof of claim does not establish a valid secured claim.

k. Claimant concedes that its claim is not secured.[3]

A. <u>Debtor's Burden of Proof on Objection to Claim</u>.

A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Absent an objection, a proof of claim constitutes <u>prima facie</u> evidence of the validity and amount of the claim under FRBP 3001(f). <u>Lundell v. Anchor Constr. Specialists, Inc.</u>, 223 F.3d 1035, 1039 (9th Cir. 2000). When a creditor has filed a proof of claim that complies with the rules, thereby giving rise to the presumption of validity, the burden shifts to the objecting party who must "present evidence to overcome the prima facie case." <u>U.S. v. Offord Fin., Inc. (In re Medina)</u>, 205 B.R. 216, 222 (9th Cir. BAP 1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." <u>Lundell</u>, 223 F.3d at 1039, quoting <u>In re Holm</u>, 931 F.2d 620, 623 (9th Cir. 1991). "The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>Lundell</u>, 223 F.3d at 1040, quoting <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. <u>Ashford v. Consol. Pioneer Mort. (In re Consol. Pioneer Mort.)</u>, 178 B.R. 222, 226 (9th Cir. BAP 1995), <u>aff'd</u>, 91 F.3d 151 (9th Cir. 1996), quoting <u>Allegheny Int'l</u>, 954 F.2d at 173-74. The ultimate burden of persuasion remains at all times on the claimant. <u>Lundell</u>, 223 F.3d at 1039; <u>Holm</u>, 931 F.2d at 623.

Ocwen's Claim # 3 was timely filed, complies with the requirements of FRBP 3001, and "constitute[s] prima facie evidence of the validity and amount of [its] claim." <u>See</u> FRBP 3001(f).

---

[3] Objection to Claim of Ocwen Loan Servicing, LLC (Claim # 7 [sic]) ("Debtor's Objection"), 3:4-24. Debtor uses the following abbreviations in Debtor's Objection: (1) CW refers to "Countrywide;" (2) DZ refers to "Daniel Zipser;" and (3) BOA refers to "Bank of America."

B. Ocwen Had Standing to File the Proof of Claim and Has Authority to Enforce the Claim Against the Estate.

"[A] party has standing to file a proof of claim based on a promissory note secured by real property if that party is a 'person entitled to enforce' the note under § 3–301 of the Uniform Commercial Code ("UCC")." Green v. Waterfall Victoria Master Fund 2008-1 Grantor Trust Series A (In re Green), No. 2012 WL 4857552, at *6 (9th Cir. BAP 2012); see Veal v. Am. Home Mortgage Serv., Inc. (In re Veal), 450 B.R. 897, 902 (9th Cir. BAP 2011) ("[W]e hold that a party has standing to prosecute a proof of claim involving a negotiable promissory note if, under applicable law, it is a 'person entitled to enforce the note' as defined by the Uniform Commercial Code."). "[A] party is a person entitled to enforce the note if it is a 'holder' of the note . . . ." Green, 2012 WL 4857552, at *6. Under the UCC and California law, "[a] party in physical possession of an endorsed-in-blank note qualifies as a holder of a note" . . . [and] "is entitled to enforce it." Zulueta v. Bronitsky (In re Zulueta), 2011 WL 4485621, at *6 (9th Cir. BAP 2011) aff'd, 520 F. Appx. 558 (9th Cir. 2013).

According to the evidence, Ocwen is the duly authorized and acting loan servicing agent of Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3. Ocwen has actual and physical possession of the Adjustable Rate Note in the original principal sum of $639,920.00, executed by Daniel Zipser and Cynthia Cynko Zipser and payable to the order of Countrywide Bank, a division of Treasury Bank, N.A. ("Countrywide"), dated April 19, 2004 ("Note") which forms the basis of Ocwen's Claim # 3. The Note is endorsed in blank. The Note is secured by a deed of trust lien on the Property evidenced by a Deed of Trust executed by Daniel Zipser and Cynthia Cynko Zipser to Countrywide dated April 19, 2004, recorded as Instrument No. 20040430-0118498 in the Office of the Ventura County Recorder on April 30, 2004 ("Deed of Trust"). The Deed of Trust was assigned by Countrywide to Bank of America, National Association ("Bank of America") by Assignment of Deed of Trust recorded on August 2, 2013, and later assigned by Bank of America to the Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, c/o Ocwen by Assignment of Deed of Trust

recorded on April 23, 2014. As the entity in actual possession of the Note endorsed in blank and beneficiary under the Deed of Trust securing the Note, Ocwen had standing to file Claim # 3 on May 11, 2015.

Neither the holding in <u>Veal</u> nor the holding in <u>Kemp v. Countrywide Home Loans, Inc. (In re Kemp)</u>, 440 B.R. 624 (Bankr. D.N.J. 2010), cited by Debtor, change this conclusion. In <u>Veal</u>, the United States Bankruptcy Appellate Panel for the Ninth Circuit addressed two related appeals, the first challenging the bankruptcy court's order granting relief from the automatic stay in favor of Wells Fargo, and the second challenging the bankruptcy court's order overruling the debtors' objection to a proof of claim filed by American Home Mortgage Servicing Inc. ("AHMSI"). AHMSI's proof of claim related to the same obligation that was the subject of Wells Fargo's motion for relief from the automatic stay. AHMSI filed the proof of claim as Wells Fargo's servicing agent. <u>Veal</u>, 450 B.R. at 903. The issue in <u>Veal</u> was whether Wells Fargo and AHMSI each had standing as a real party in interest to pursue the relief requested.

The BAP in <u>Veal</u> held that "a party has standing to prosecute a proof of claim…if, under applicable law, it is a person entitled to enforce the note…" <u>Id.</u> at 902. "The forum state's choice of law rules determine which state's substantive law applies." <u>Id</u> at 920 n. 40. The BAP determined that enforcement of the mortgage was governed by Illinois law (where the property was located), while enforcement of the note was governed by Arizona law. <u>Id</u> at 916, 920. Neither Wells Fargo nor AHMSI were able to establish under applicable law that it was a "person entitled to enforce the note" or was otherwise in possession of the note. <u>Id</u> at 917, 920. Simply put, <u>Veal</u> stands for the proposition that a party entitled to enforce a note under applicable state law has standing to file a proof of claim.

So does <u>Kemp</u>. In that case, the debtor filed an adversary proceeding seeking to expunge a proof of claim filed Countrywide Home Loans, Inc., as servicer for Bank of New York. Bank of New York did not have possession of the note secured by the debtor's real property at the time the proof of claim was filed with the court. As a result, the bankruptcy court disallowed the claim holding that Bank of New York lacked authority to enforce the note under state law. <u>Id</u> at 634.

Ocwen's Claim # 3 establishes a valid secured claim.  Ocwen is entitled to enforce the Note under the UCC and California law.  Ocwen possesses the right to foreclose.  The documents establishing Ocwen's right to enforce the Note and Deed of Trust are attached to Claim # 3.  Debtor has not offered evidence to the contrary, including any credible evidence that Ocwen has conceded that its claim is not secured.

C. <u>Debtor Does Not Have Standing to Challenge the Pooling Service Agreement ("PSA") or the Real Estate Mortgage Conduit ("REMIC")</u>.

Debtor argues that the assignment of the Note and Deed of Trust to the Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, is invalid as violating both the terms of the PSA and rules governing REMICs.  Neither ground, however, provides a basis for the court to disallow Ocwen's Claim # 3.

Under California law, a debtor does not have standing to challenge a pooling and service agreement.  <u>Davies v. Deutsche Bank Nat'l Trust Co. (In re Davies),</u> 565 F. Appx. 630, 633 (9th Cir. 2014) ("[T]he weight of authority holds that debtors in Davies' shoes – who are not parties to the pooling and service agreements – cannot challenge them.").  Debtor has not shown that she is a party to the pooling and service agreement at issue.

Likewise, "[t]he argument that parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected by numerous courts." <u>Logvinov v. Wells Fargo Bank</u>, 2011 WL 6140995, at *3 (N.D. Cal. Dec. 9, 2011) (citations omitted).  "The alleged 'securitization of the loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust.'" <u>Id.</u> (citation omitted).  "'[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations' under the note, and does not change the relationship of the parties in any way." <u>Reyes v. GMAC Mortgage LLC</u>, 2011 WL 1322775, at *3 (D. Nev. 2011) (quoting <u>Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.</u>, 2010 WL 4788209, at *2 (D. Utah 2010)).

D. <u>Debtor's Previous Chapter 7 Discharge Does Not Affect Ocwen's Lien on the Property</u>.

Debtor argues that Claim # 3 should be disallowed because she received a discharge in chapter 7 and Ocwen reported to certain credit reporting agencies a zero balance due on the loan after she received her discharge.  It is undisputed that Debtor received a chapter 7 discharge on December 21, 2011.  While discharge protects the Debtor from personal liability for the balance due under the Note, discharge did not extinguish the Deed of Trust lien on the Property securing the Note.  Absent a final order or judgment declaring the lien unenforceable, Ocwen's Deed of Trust lien passed through Zipsers' chapter 7 bankruptcy unaffected.  See <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83 (1991). "[A] mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of § 101(5)" for which treatment must be provided in a chapter 13 plan.  <u>Id</u> at 83-84.  The fact that Ocwen reported to certain credit reporting agencies that the Debtor's personal liability for payment of the debt evidenced by the Note was discharged in her chapter 7 case is not grounds to disallow Ocwen's Claim # 3.  Claim # 3 is based upon the Deed of Trust lien against the Property securing payment of the Note which passed through Debtor's chapter 7 bankruptcy unaffected.

III.  <u>CONCLUSION</u>

In sum, Debtor has not produced sufficient evidence to negate one or more of the sworn facts in Ocwen's Claim # 3.  Accordingly, Debtor's objection to Ocwen's Claim # 3 is overruled. A separate order will be entered consistent with this memorandum decision.

###

Date: July 28, 2015

Peter H. Carroll
United States Bankruptcy Judge